UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWIN RIGOBERTO GUEVARA
MORENO,

                Petitioner,

v.

ROBERT LYNCH et al.,

                Respondents.

_____/

Case No. 1:26-cv-1929

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.       Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing before a neutral decision-maker. (Pet., ECF No. 1, PageID.6.)

In an Order entered on June 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the June

3, 2026, bond hearing on June 30, 2026. (Resp., ECF No. 8; Recording of Jun. 3, 2026, Bond Hearing, filed on Jun. 30, 2026.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of El Salvador who entered the United States in 2011. Op., *Guevara Moreno v. Lynch* (*Guevara Moreno I*), No. 1:26-cv-1560 (W.D. Mich May 29, 2026) (ECF No. 5). On April 1, 2026, Petitioner was arrested by ICE agents. *Id.*

On May 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Guevara Moreno I*. In response, Respondents indicated their intention to comply with the binding holdings of *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and afford Petitioner a custody redetermination hearing. *Id.* Therefore, the Court dismissed Petitioner's first § 2241 petition, requiring that Petitioner first exhaust his administrative remedies. Op. and Jud., *Guevara Moreno I* (W.D. Mich May 29, 2026) (ECF Nos. 5, 6).

On June 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 8-6, PageID.160.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "flight risk." (*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing June 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        July 8, 2026            /s/ Jane M. Beckering
                                      Jane M. Beckering
                                      United States District Judge